IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DIANNE RHODES PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-107 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Dianne Rhodes Payne ("Plaintiff") appeals the decision of the Commissioner of Social Security (the "Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

I.    **BACKGROUND**

Plaintiff applied for DIB on June 11, 2010, alleging a disability onset date of May 10, 2010. Tr. ("R"), pp. 79, 90, 140-46. The Social Security Administration denied Plaintiff's application initially, R. 91-94, and on reconsideration, R. 98-102. Plaintiff requested a

---

[1] For ease of reference, the Court will hereinafter refer to the Acting Commissioner as "Commissioner."

hearing before the Administrative Law Judge ("ALJ"), R. 28-29, and the ALJ held a hearing on November 21, 2011. R. 30-78. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and from Clarence Hewlett, a Vocational Expert ("VE"). Id. On January 11, 2012, the ALJ issued an unfavorable decision. R. 7-27.

Applying the five-step sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since May 10, 2010, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*).

2. The claimant has the following severe impairments: chronic pancreatitis with laparoscopic cholecystectomy; sphincterotomy; brushing common bile duct with stents; whipple procedure; and osteoarthritis (20 CFR 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).

4. After careful consideration of the entire record, the claimant has the residual functional capacity ("RFC") to perform light work[2] as defined in 20 C.F.R. § 404.1567(b) with the following limitations: The claimant can occasionally climb ramps and stairs, ladders, ropes and scaffolds; and occasionally balance, stoop, kneel, crouch and crawl. The claimant must avoid concentrated exposure to machinery and heights. The claimant can lift, carry, push and/or pull 20 pounds occasionally or 10 pounds frequently. The claimant can sit, stand and/or walk 6 hours in an 8-hour workday. The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

---

[2]"Light work" is defined as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

5. Considering the claimant's age, education work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569 & 404.1569(a)). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from May 10, 2010, through January 11, 2012 (the date of the ALJ's decision) (20 CFR 404.1520(g)).

R. 10-21.

When the Appeals Council denied Plaintiff's request for review on May 1, 2013, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff claims the Commissioner's decision is not supported by substantial evidence because the ALJ (1) erred by failing to find certain of Plaintiff's impairments to be severe impairments and by failing to consider her impairments in combination, (2) did not properly weigh the physician opinion evidence, and (3) relied on VE testimony that was based on a flawed hypothetical. See generally doc. no. 13 ("Pl.'s Br."); doc. no. 15 ("Pl.'s Reply"). The Commissioner maintains that the ALJ's decision is supported by substantial evidence and should therefore be affirmed. See doc. no. 14 ("Comm'r's Br.").

## II.  STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*); Cornelius v. Sullivan, 936 F.2d

1143, 1145 (11th Cir. 1991).  Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance:  '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239).  If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (*per curiam*).  Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence.  McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity.  Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard).  If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision.  Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. The ALJ Did Not Establish Good Cause to Discount the Opinions of Plaintiff's Treating Physicians.

Plaintiff argues the ALJ improperly weighed the opinions of two treating physicians and a non-examining medical consultant. In assessing the medical evidence of record, the ALJ gave only partial weight to the November 2011 opinions of Plaintiff's treating physicians, Drs. Edward Kruse and Charlton Pickett, but gave great weight to an RFC assessment provided by non-examining consultant Dr. Milton White. R. 19. Plaintiff claims Dr. White's RFC assessment was not entitled to great weight because he never examined Plaintiff and because the treating physicians' opinions were not available to him when he completed the assessment. Pl.'s Br., p. 19; Pl.'s Reply, pp. 1-2.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Commissioner of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (requiring substantial weight be given to the opinion of a treating physician unless "good cause" to the contrary is shown).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly

discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding her daily activities). Furthermore, under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p; see also 20 C.F.R. §§ 404.1527(d).

Here, the ALJ did not establish good cause to give the treating physicians' opinions only partial weight. The ALJ stated that the opinions were "inconsistent with the record as a whole," but did not explain how they were inconsistent with the medical records. R. 19. Indeed, the medical record documents Plaintiff's extensive treatment over the years for her pancreatitis, including multiple operations. See, e.g., R. 368-69. With respect to the opinion of Dr. Pickett, Plaintiff's primary care physician, the ALJ found that "the opinion expressed is quite conclusory, providing very little explanation of the evidence relied on in forming that opinion." Id. However, Dr. Pickett's opinion is no more conclusory than Dr. White's, which the ALJ gave great weight. See R. 19, 525, 494-501.

Moreover, although the ALJ cited the November 2011 opinions of Drs. Kruse and Pickett, he did not make any reference to their prior opinions from October 2010, which were consistent with those discussed. R. 502-03, 507-08. These opinions, like the November 2011 ones, were submitted *after* the consultative examiner submitted his report, and thus they were not available to him in making his determination. R. 494-501,

502-03, 507-08.  In sum, the ALJ's brief discussion of the opinions of Plaintiff's treating physicians failed to establish good cause to disregard them or demonstrate that he considered all of the evidence in doing so.  As such, the ALJ's decision not to give the opinions substantial weight was improper.  See Schnorr, 816 F.2d at 581; MacGregor, 786 F.2d at 1053.[3]

## IV.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 12th day of June, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3]In light of its determination that the Commissioner's decision is not supported by substantial evidence due to the ALJ's failure to properly weigh the physician opinion evidence, the Court need not reach Plaintiff's remaining contentions.  Of course, on remand, Plaintiff's claims must be evaluated in compliance with the applicable regulations and case law in all respects.  For example, the entirety of the relevant evidence must be taken into account in determining the severity of Plaintiff's alleged impairments, and the underlying assumptions of any hypothetical questions presented to a VE must accurately and comprehensively reflect Plaintiff's characteristics.  McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (*per curiam*); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (*per curiam*); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."); Coleman v. Barnhart, 264 F. Supp.2d 1007, 1011 (S.D. Ala. 2003) (failing to comprehensively describe a claimant's impairments and limitations is grounds for remanding case for further proceedings).